# CIRCUIT COURT OF THE CITY OF RICHMOND

Loretta Coleman

v.

Lazaro A. Romero

Case No. LF-1807-1

Robert Banner

v.

Lazaro A. Romero

Case No. LF-1806-1

January 11, 2000

BY JUDGE MELVIN R. HUGHES, JR.

These two cases are before the court on plaintiff's motion to permit the testimony of an attending physician to be read into evidence.

These cases were tried together to a jury in 1999. The jury returned verdicts for both defendants for "specials" only. After the court granted additur, the defendant refused the increase and demanded a new trial, which motion was granted Now, after taking nonsuits and refiling, plaintiffs seek to have the testimony of their attending physician who testified at the first trial read without the doctor being present.

Defendant argues that the exception to hearsay allowed for prior recorded testimony applies only after certain conditions are met. Defendant cites *The Law of Evidence in Virginia* (5th ed. 1999) by Professor Charles Friend as

authority for the point. Prior recorded testimony is recognized as an exception to the hearsay rule provided certain conditions are met. Defendant argues that plaintiff can meet all the conditions save one, unavailability of the witness, and therefore plaintiff should be precluded from offering the recorded testimony.

Plaintiffs argue that this should be allowed despite defendant's objection because the prior recorded testimony is not hearsay in the sense that the doctor has already testified "in court" and has been subject to cross examination and indeed was extensively questioned by defense counsel at the first trial. While conceding that the doctor is not unavailable, plaintiff cites expense as a reason to permit the testimony. Moreover, plaintiff continues, the policy considerations behind the hearsay rule have been satisfied, namely, the right of cross examination has been preserved.

The court has not found nor been cited to any authority to allow the admission of the doctor's testimony under the circumstances of this case. The "in court" requirement means testimony of the witness in the instant proceeding so that the fact finder can assess the witness' testimony. Here, there will be a new trial which means a different jury, different fact finders.

The court realizes that litigation carries expenses including, perhaps in this instance, the need to compensate the doctor for his time. On the other hand, the defendant has a right to have the witness present to examine him before the fact finder for evaluation. To the extent it can, the court is desirous of controlling unreasonable costs in litigation. But this has to be consistent with law and fairness. Here, the court is not in a position to dispense with a well-recognized evidentiary requirement for reasons of expenses. So, in light of the objection, plaintiff's motion to permit the doctor's testimony to be read into evidence in lieu of a live appearance is denied.